# EXHIBIT B

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**David H. Bernstein**
Partner
Tel 212 909 6696
Fax 212 521 7696
dhbernstein@debevoise.com

December 10, 2012

**BY EMAIL AND**
**FEDERAL EXPRESS**

David Christopher Baker, Esq.
Hart, King & Coldren
200 Sandpointe Avenue #400
Santa Ana, California 92707

<b><u>Kate Spade Saturday</u></b>

Dear Mr. Baker:

    We represent Kate Spade LLC. We write in response to your letter dated November 14, 2012, which was delivered to our client through CT Corporation on November 27, 2012. I understand that Nick Rubino of Kate Spade called you shortly after receipt of your letter and left a message informing you of the late receipt and that a response would be forthcoming, though our client would be unable to meet your requested response date of December 1, 2012.

    Because Kate Spade itself is the owner of many registered trademarks, and its intellectual property is among the most valuable assets in the company, it appreciates the importance of protecting intellectual property. Kate Spade thus takes care to ensure that its trademarks and designs do not infringe the intellectual property rights of third parties, and it expects third parties to similarly respect Kate Spade's intellectual property rights.

    For these reasons, our client takes seriously the issues addressed in your letter and asked us to fully evaluate your client's concerns that the KATE SPADE SATURDAY mark may infringe your client's rights in the SATURDAYS SURF NYC mark. In that regard, we have reviewed the search report Kate Spade commissioned at the time it adopted the KATE SPADE SATURDAY mark, the clearance opinion Kate Spade received from its trademark counsel, Kate Spade's trademark applications for KATE SPADE SATURDAY (which have been allowed by the U.S. Patent and Trademark Office), its work on this brand since 2009, the products Kate Spade intends to sell under this brand, the customers Kate Spade intends to target with the KATE SPADE SATURDAY brand, the design of Kate Spade's planned retail and online stores, the extent to which other marks containing the words "Saturday" or "Saturdays" co-exist with the parties' marks, and information about your client's trademark, products and customers. Having done so, we conclude that your client's concerns are misplaced and that there is simply no likelihood of confusion between the KATE SPADE SATURDAY and SATURDAYS SURF NYC trademarks.

David Christopher Baker, Esq.                2                          December 10, 2012

### A. Kate Spade's Good Faith Development of the KATE SPADE SATURDAY Brand

As is now well known, the Kate Spade brand was born in 1993 following Mrs. Spade's successful run as the accessories editor at *Mademoiselle*. Mrs. Spade's first creation was a handbag for women that was wildly successful – it combined utilitarian shapes with playful, color-filled palettes that represented a fresh, modern approach to fashion accessories. In the two decades since then, the brand has grown from a handbag brand into a global lifestyle brand that aims to inspire colorful living through a wide array of products for women.

Kate Spade is now poised to launch a new brand, KATE SPADE SATURDAY, which is aimed at a younger audience and meant to capture the casual, bold, colorful and playful spirit of Saturday, the start of the weekend. As has been reported in the press, this brand will target women in their mid-20s to mid-30s, at price points about half of those for KATE SPADE NEW YORK products.

Kate Spade first came up with the KATE SPADE SATURDAY name and concept in 2009. In the three years since then, Kate Spade has made a tremendous investment in the design of this new brand. In 2010, Kate Spade applied for the KATE SPADE SATURDAY trademark on an intent-to-use basis; after that application was allowed by the U.S. Patent and Trademark Office without any objection or opposition, Kate Spade continued its work on the development of the brand. In July 2012, the press began to report on the upcoming launch of KATE SPADE SATURDAY[1]; the brand has since garnered tremendous attention and excitement in the fashion and mainstream press.[2]



The name and logo for KATE SPADE SATURDAY were deliberately chosen to evoke the fun of Saturday combined with the famous brand quality of the KATE SPADE house mark. The KATE SPADE SATURDAY logo – shown at right – is distinguished by its unique, hand-drawn font and the bright yellow background that

---

[1] *See, e.g.*, Hilary Moss, *Kate Spade New York to Possibly Launch Line Called 'Kate Spade Saturday'*, N.Y. MAG., July 10, 2012, *available at* http://nymag.com/thecut/2012/07/kate-spade-to-launch-kate-spade-saturday.html.

[2] *See, e.g.*, Elana Fishman, *Kate Spade's New Lower-Priced Saturday Brand: Here's the Scoop*, LUCKY, Oct. 23, 2012, *available at* http://www.luckymag.com/blogs/luckyrightnow/2012/10/Kate-Spade-New-Lower-Priced-Saturday-Brand-Heres-the-Scoop#slide=1; Victoria Wellman, *Kate Spade Set to Launch New "Saturday" Line For Twenty-Somethings at HALF the Price of Namesake Brand,"* DAILY MAIL, Nov. 1, 2012, *available at* http://www.dailymail.co.uk/femail/article-2226569/Kate-Spade-set-launch-new-Saturday-line-somethings-HALF-price-namesake-brand.html.

David Christopher Baker, Esq.                3                        December 10, 2012

acts as a signature color for the line, suggesting a carefree weekend day. The yellow circle that serves as the favicon for the brand, shown below, will be reflected in the design of the KATE SPADE SATURDAY products, website and retail stores; it represents the playful spirit of the KATE SPADE SATURDAY brand, its products and its young women consumers:



This playful spirit will also be reflected in the products that Kate Spade intends to sell under the KATE SPADE SATURDAY brand, examples of which follow:



Significantly, our client was completely unaware of the SATURDAYS SURF NYC trademark at the time it adopted its mark, and at the time it applied for its registration. Indeed, notwithstanding your assertion that your client has been using its mark since 2009, we note that there was no reference whatsoever to your client or its mark in the search report Kate Spade commissioned in June 2010, including in the common law, business names, website, and domain names sections of the report. What the search report did show is that numerous parties – including in the apparel and retail fields – were using the word "Saturday" as part of their marks. All of those marks were able to co-exist because of the use of other words and designs to distinguish the various marks. It was on that basis that Kate Spade's counsel cleared the adoption of the KATE SPADE SATURDAY mark.

As this brief history should make clear, Kate Spade created and adopted its KATE SPADE SATURDAY mark in the utmost of good faith. It had no knowledge of your client or its brand, had no intention of associating its brand with SATURDAYS SURF NYC, and in fact has no desire for its brand – which is aimed at young, trendy women – to be associated with your surf and coffee shop which appears to target a very different audience of men who surf and who, as New York Magazine describes them, are "vicarious beach bums."[3]

---

[3] *See* Saturdays Surf, N.Y. MAG., *available at* http://nymag.com/listings/stores/saturdays-surf/.

David Christopher Baker, Esq.            4            December 10, 2012

### B. There Is No Likelihood of Confusion Between the KATE SPADE SATURDAY and SATURDAYS SURF NYC Marks

As you note in your letter, the test for whether a mark is likely to infringe is whether there is a likelihood of confusion. And, as you know, courts routinely look at a number of factors in assessing whether confusion is likely, including the intent of the parties, the similarity of the marks, the strength of the marks, the similarity of the goods, the likelihood that the parties will bridge the gap between their goods, the similarity of the target audiences, the sophistication of the target audience, and the quality of the parties' goods. As explained above, Kate Spade adopted the KATE SPADE SATURDAY mark with the utmost of good faith; in contrast, your client's failure to raise any objection back in 2010 when Kate Spade's applications were published for opposition in the *Official Gazette of the U.S. Patent and Trademark Office*, and its threat of action on the eve of the launch of the brand, raise a serious issue as to your client's good faith. Each of the other *Polaroid* factors also strongly favors a finding that confusion is highly unlikely.

The Marks Are Different and
Only the KATE SPADE Mark is Strong

Contrary to your assertion that the marks are "essentially identical," the undisputable fact is that the marks are different. Your client's mark, SATURDAYS SURF NYC, starts with the plural form "Saturdays" and ends with SURF NYC, which indicates that your client sells surfing gear and related apparel to its surfing clientele in New York City. Our client's mark starts with the world famous KATE SPADE house mark and ends with a singular reference to "Saturday." The use of the famous KATE SPADE mark itself makes any confusion highly unlikely. *See, e.g., Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000) (house mark "significantly reduces, if not altogether eliminates," any likelihood of consumer confusion); *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1046 (2d Cir. 1992) (same).

It is true, of course, that both parties' marks contain a similar word: "Saturday" in Kate Spade's mark, and "Saturdays" in your client's mark. That, though, is hardly a distinctive feature of the marks. A simple search of the USPTO trademark database shows that there are over one hundred live applications and registrations that use a version of the word "Saturday," including many that operate in the apparel space. A review of the search report commissioned by our client, and a simple Internet search on the word "Saturday," reveals many more uses of marks containing the words "Saturday" or "Saturdays" with which your client has coexisted since its inception. Among those other "Saturday" or "Saturdays" marks are:

- SATURDAY T-SHIRTS for women's T-shirts sold by L.L. Bean;
- SATURDAY KHAKI for pants sold by Dockers;
- SATURDAY TRAIL for pants, shorts and shirts sold by Columbia;
- SATURDAYS BRITCHES for men's slacks;

David Christopher Baker, Esq.                    5                    December 10, 2012

- SATURDAY BY PLAYBOY for loungewear, nightgowns, nightwear, pajamas, robes, sleepwear and smoking jackets;

- EVERYDAY'S SATURDAY for hats and shirts;

- SATURDAYS SINCE for shirts, T-shirts and hoodies;

- SATURDAY RITUAL for shirts, T-shirts and hoodies;

- ONLY ON SATURDAYS for hats, shoes, sweat shirts, T-shirts and tank tops;

- SEMI-FINAL SATURDAY for a wide variety of clothing;

- FNSATURDAY for a wide variety of clothing;

- SATURDAY MORNING TV for a wide variety of clothing; and

- SATURDAY NIGHT FOODIES for a wide variety of clothing.

There are many more uses of "Saturday" and "Saturdays" or variations thereof in trademarks for a wide variety of other goods and services, including SATURDAYS for Hallmark greeting cards, SATURDAY'S restaurants, SATURDAY MATINEE video and DVD retail services, Walgreens' SATURDATE cosmetic retail services, and SATURDAY skateboards (a type of sporting equipment much closer to your client's surfboards than anything to be sold by Kate Spade).

The extensive co-existence of so many marks containing a version of the common word "Saturday" is significant. First, it shows that marks containing the word "Saturday" (or "Saturdays" or "Saturday's" or other formulations) occupy an extremely crowded field. As such, the words "Saturday" and "Saturdays" are entitled to very little, if any, protection on their own. As noted above, hundreds of other companies use "Saturday" or "Saturdays" in connection with the provision of a wide variety of services and products, including dozens of uses in connection with apparel. Such widespread use of a mark makes it unlikely that any single user will be able to claim an exclusive right to use that mark. 2 McCarthy § 11:85 (4th ed. 2012) ("in a 'crowded' field of look-alike marks, each member of the crowd is relatively 'weak' in its ability to prevent use by others in the crowd"). Furthermore, this extensive co-existence means that any likelihood of confusion is reduced because consumers will have learned to distinguish one "Saturday" mark from the next and will not immediately assume all are related. *See, e.g., Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.*, 856 F.2d 1445, 1449 (9th Cir. 1988) ("In such a crowd, customers will not likely be confused between any two of the crowd and may have learned to carefully pick out one from the other."). The customers of KATE SPADE SATURDAY and SATURDAYS SURF NYC will be accustomed to seeing many items marketed as "Saturday" or "Saturdays" and, as such, they will be unlikely to assume that any given mark incorporating those words is related to the next.

David Christopher Baker, Esq.           6           December 10, 2012

Furthermore, the coexistence of so many marks containing the words "Saturday" or "Saturdays" means that your client's mark – the registration of which disclaims the descriptive terms "Surf" and "NYC" – is extremely weak. In contrast, although the "Saturday" portion of our client's mark is weak as well, the KATE SPADE house mark is incredibly strong and famous. The weakness of your client's mark, in contrast to the strength of the KATE SPADE SATURDAY mark, further distinguishes the marks and makes any confusion unlikely.

Finally, we note that the respective marks are also entirely different in their visual presentations. The KATE SPADE SATURDAY logo, as discussed above, incorporates a bright yellow color scheme and a unique, hand-drawn font. The SATURDAYS SURF NYC logo, on the other hand, is in faded gray Gotham font and features a distinct crossways slash through the logo that communicates its nautical theme. The different colors, fonts, and stylized elements further render confusion unlikely, if not impossible. *See Paco Sport, Ltd. v. Paco Rabanne Perfumes*, 2000 U.S. App. LEXIS 29570, at *10 (2d Cir. Nov. 16, 2000) ("An inquiry into the degree of similarity [includes] the setting in which a designation is used affects its appearance and colors the impression conveyed by it.").

The Parties' Goods Are Completely Different and
<u>The Parties Are Unlikely to Bridge the Gap</u>

Not only are the parties' marks different, but their product lines are different as well. Based on a review of your client's website and published reports about your client's stores, your client appears to operate a store in which it sells surfboards, wetsuits, and other apparel and accessories that appeal to its surfer customers. All of the clothing your client sells is for men. In contrast, Kate Spade is selling a completely different mix of products – it does not sell surfboards or wetsuits or men's clothing; rather, as discussed above, it sells clothing and accessories for women, along with related housewares, gifts, and other goods.

In addition, there is no risk that the parties will bridge the gap between their goods. Kate Spade always intends its KATE SPADE SATURDAY brand to be a brand for young women; it will not sell any men's clothing (let along surfboards and wetsuits) under that mark or in its stores. Likewise, we cannot image that your client will suddenly shift from selling surfboards, surfing clothes, and related men's clothing and accessories to a store that sells colorful, playful apparel and accessories to young women.

The Parties' Appeal to Different Target Audiences,
The Parties' Customers are Sophisticated, and
<u>The Parties' Goods are of High Quality</u>

A further point of distinction which renders any confusion extremely unlikely is that the parties target completely different customers. There is no overlap between the "surfer dudes"[4]

---

[4]     "10 Essentials," *GQ*, available at http://www.gq.com/style/ten-essentials/201210/saturdays-surf-nyc-10-essentials-interview#

David Christopher Baker, Esq.            7            December 10, 2012

with a "beach-bum sensibility" and an "überchill vibe,"[5] who frequent your client's stores, and the young women in the 25-35 year-old age group, seeking colorful, playful, bold clothing, who are the target of the KATE SPADE SATURDAY brand. *See, e.g., Pristine Industries, Inc. v. Hallmark Cards, Inc.*, 753 F. Supp. 140, 146 (S.D.N.Y. 1990) (noting that "the dissimilarity between the . . . groups of consumers that each party targets substantially lessens" the likelihood of confusion). Even the most casual consumer of SATURDAYS SURF NYC is not going to be confused into believing that the bright young women's handbags and dresses marketed by KATE SPADE SATURDAY are related to the surfboards and menswear sold by your client, and vice versa.

In addition, fashion customers are notoriously sophisticated when it comes to the selection and purchase of articles of apparel, and we assume the same is true of your client's surfing customers who no doubt take great care in the selection of their surfboards, wetsuits and other surfing gear. These are not impulse, low cost items that might be purchased in a mistaken belief as to the source.

Finally, there can be no dispute about the high quality of Kate Spade's products. For two decades, Kate Spade has been famous for the quality of its designs and products; that insistence on quality will carry through to the KATE SPADE SATURDAY brand as well. The high quality of Kate Spade's products, and the sophistication of the purchasers who will shop at Kate Spade's stores thus further lessens any risk of confusion between your client's high quality products and those designed and sold by Kate Spade.

\*\*\*

Kate Spade intends to launch its KATE SPADE SATURDAY brand early in 2013. As this letter has shown, the way in which the mark will be used, the products to be sold under the mark, and the customers whom Kate Spade will target are all completely different than those of your client. I hope that the information in this letter will put your client's concerns at rest. To the extent that they have additional questions about the KATE SPADE SATURDAY brand, we would be happy to entertain those questions.

However, to the extent that your client intends to follow through on the threat of litigation, I must note that, given that your client has been on constructive knowledge of the KATE SPADE SATURDAY mark since July 2010, and that it did not oppose Kate Spade's applications for that trademark, and that it did not indicate any objections to that mark in July 2012 when the press began to report on the imminent launch of KATE SPADE SATURDAY, and given further Kate Spade's reliance on the allowance of its trademark applications as it continued to develop this brand as well as its prominent use of the KATE SPADE house mark and the many other "Saturday" and "Saturdays" marks with which both parties co-exist, our client will not tolerate any effort to interfere with the launch of the KATE SPADE SATURDAY

---

[5]    *See* Saturdays Surf NYC, TIME OUT NEW YORK, *available at* http://www.timeout.com/newyork/shopping/saturdays-surf-nyc.

23797287v7

David Christopher Baker, Esq.  8  December 10, 2012

brand. As such, our client reserves all of its rights and will not hesitate to vigorously defend against any claim that Saturdays Surf LLC may pursue.

Very truly yours,

David H. Bernstein

23797287v7

# EXHIBIT C

### Insley-Pruitt, Jennifer

**From:** David Christopher Baker [dbaker@hkclaw.com]
**Sent:** Tuesday, December 11, 2012 3:18 PM
**To:** Bernstein, David H.
**Subject:** RE: Saturdays Surf NYC / Kate Spade Saturday

Mr. Bernstein:

Thank you for your correspondence.  I will forward this to my client for further discussion and hope to get back to you within the next week.

DCB



**David Christopher Baker** | Partner
200 Sandpointe, 4th Floor | Santa Ana, CA 92707
**Tel.** 714-432-8700|**Fax.** 714-546-7457
dbaker@hkclaw.com | www.hkclaw.com
 LinkedIn: http://www.linkedin.com/in/davidchristopherbaker

---

**From:** Bernstein, David H. [mailto:dhbernstein@debevoise.com]
**Sent:** Monday, December 10, 2012 3:12 PM
**To:** David Christopher Baker
**Subject:** Saturdays Surf NYC / Kate Spade Saturday

Dear Mr. Baker

We represent Kate Spade LLC.  Please see the attached response to your letter delivered to Kate Spade LLC on November 27, 2012.

Regards,

David H. Bernstein
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
direct tel: (212) 909-6696
direct fax: (212) 521-7696
dhbernstein@debevoise.com

12/18/2012

# EXHIBIT D



