David H. Bernstein (dhbernstein@debevoise.com)
Megan K. Bannigan (mkbannigan@debevoise.com)
Jennifer Insley-Pruitt (jinsleypruitt@debevoise.com)
Rayna S. Feldman (rsfeldman@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6696

*Attorneys for Kate Spade LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KATE SPADE LLC,

       Plaintiff/Counterclaim-Defendant,

  vs.

SATURDAYS SURF LLC,

       Defendant/Counterclaim-Plaintiff.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12 CIV 9260 (MGC)

ECF Case

## PLAINTIFF/COUNTERCLAIM-DEFENDANT'S ANSWER

      Plaintiff/Counterclaim-Defendant Kate Spade LLC ("Kate Spade"), by its attorneys, Debevoise & Plimpton LLP, for its Answer in response to the Counterclaims of Defendant/Counterclaim-Plaintiff Saturdays Surf LLC ("SSLLC") states as follows:

## ANSWER

      1.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, except admits that SSLLC has a store located at 31 Crosby Street in NYC.

3.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, except (*i*) admits that SSLLC has a retail store in Tokyo, Japan in the Daikanyama District; and (*ii*) admits that Kate Spade opened its first KATE SPADE SATURDAY retail store in Tokyo, Japan in the Daikanyama District on March 2nd (following an official opening party on February 28th).

5.  Denies the allegations in Paragraph 5, except admits that Kate Spade first learned of the SSLLC marks in or about March 2011.

6.  Denies the allegations in Paragraph 6, except (*i*) admits that KATE SPADE SATURDAY has an e-commerce website with the domain name www.saturday.com through which it plans to sell its products to customers in the United States, and respectfully refers to the website's home page for the full contents thereof; and (*ii*) admits that there has been press coverage in connection with the upcoming launch of the KATE SPADE SATURDAY brand, and respectfully refers to such press reports for the full contents thereof.

7.  Denies the allegations in Paragraph 7, except (*i*) admits that SSLLC purports to bring an action as described in Paragraph 7; and (*ii*) admits that Kate Spade has plans to use its KATE SPADE SATURDAY mark and corresponding logo on and in connection with apparel,

handbags, purses, accessories, and other products, and in connection with online and retail clothing store services.

      8.      Admits the allegations in Paragraph 8.

      9.      Admits the allegations in Paragraph 9.

      10.      Admits that this Court has subject matter jurisdiction over this action.

      11.      Admits that venue is proper in this District.

      12.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

      13.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

      14.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

      15.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except denies that the word SATURDAYS has become a "signature" of SSLLC's brand, and respectfully refers the Court to Paragraph 5 and Exhibit A of the Complaint for Declaratory Judgment filed by Kate Spade (the "Complaint") for a visual depiction of SSLLC's trademarks and logo.

      16.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Respectfully refers the Court to the United States Patent and Trademark ("USPTO") files relating to SSLLC's applications for the SATURDAYS SURF NYC trademarks, attached as Exhibit A to the Complaint, for the full contents and details thereof.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Denies the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29, except (*i*) admits that in August 2009, without any knowledge or awareness of SSLLC, its store, or its trademarks, Kate Spade started to develop a new global lifestyle brand called KATE SPADE SATURDAY, which shares the core design values of its sister brand – kate spade new york – but is interpreted in a more casual, accessible, and affordable way; and (*ii*) admits that Kate Spade opened its first KATE SPADE SATURDAY retail store in Tokyo, Japan on March 2nd, which will be followed by the launch of the KATE SPADE SATURDAY e-commerce website in the United States in March 2013.

30. Denies the allegations in Paragraph 30, except admits that the name of Kate Spade's new line is KATE SPADE SATURDAY and that its e-commerce website in the United States is available at www.saturday.com.

31. Denies the allegations in Paragraph 31, except (*i*) admits that the photographs attached as Exhibit 8 to SSLLC's Counterclaims purport to show examples of SSLLC products and promotional materials featuring the color yellow; (*ii*) admits that the photographs attached as Exhibit 9 to SSLLC's Counterclaims purport to be examples of SSLLC and KATE SPADE SATURDAY products featuring circular logos and flag labels; and (*iii*) respectfully refers the Court to Paragraph 5

of the Complaint for visual depictions of the KATE SPADE SATURDAY and SSLLC trademarks and logos.

33. Denies the allegations in Paragraph 32, except respectfully refers the Court to the January 28, 2013 entry on the fashion and culture blog, decor8blog.com and the reader comments on that entry for the full contents thereof, attached as Exhibit 13 to the Collett Declaration in Support of SSLLC's Motion for a Temporary Restraining Order, Preliminary Injunction Order, and for Limited Expedited Discovery.

33. Admits the allegations in Paragraph 33.

34. Denies the allegations in Paragraph 34.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, except (*i*) respectfully refers the Court to the USPTO files relating to Kate Spade's trademark applications for the KATE SPADE SATURDAY mark for the full contents and details thereof; (*ii*) admits that Kate Spade filed applications to register the KATE SPADE SATURDAY mark for (a) a variety of jewelry, apparel and luggage items on July 20, 2010, (b) sunglasses, stationary, household goods, and mail order services, among other goods and services, in August 2011; and (c) cosmetics, among other products, in February 2012; and (*iii*) states that SSLLC did not file oppositions to *any* of Kate Spade's trademark applications for the KATE SPADE SATURDAY mark.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, except (*i*) denies that the KATE SPADE SATURDAY clothing line is "infringing," or "would cause significant confusion in the marketplace" with SSLLC's brand, and

(*ii*) denies that the KATE SPADE SATURDAY logo, branding and labeling are "almost identical" to SSLLC's logo, branding and labeling.

37. Denies the allegations in Paragraph 37, except (*i*) admits that the parties exchanged correspondence prior to the commencement of this lawsuit, attached as Exhibit A to the Complaint, and (*ii*) respectfully refers the Court to such correspondence for the full contents thereof.

38. Denies the allegations in Paragraph 38, except (*i*) admits that Kate Spade brought a complaint for declaratory judgment against SSLLC on December 19, 2012 in the United States District Court for the Southern District of New York before Judge Miriam Cedarbaum; and (*ii*) admits that Kate Spade has continued to promote the KATE SPADE SATURDAY brand through various promotional events in February 2013, leading up to the brand's official launch in March.

39. Denies the allegations in Paragraph 39.

40. Denies the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42.

43. Admits that SSLLC has not authorized Kate Spade to license or use SSLLC's trademarks or logo, but denies that Kate Spade's adoption and use of the KATE SPADE SATURDAY name, trademarks, and logo infringe any purported rights SSLLC has in its trademarks or logo.

44. Denies the allegations in Paragraph 44.

### Count One

45. Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47.

48. Denies the allegations in Paragraph 48.

### Count Two

49. Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

50. Denies the allegations in Paragraph 50.

51. Denies the allegations in Paragraph 51.

52. Denies the allegations in Paragraph 52.

53. Denies the allegations in Paragraph 53.

54. Denies the allegations in Paragraph 54.

### Count Three

55. Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

56. Denies the allegations in Paragraph 56.

57. Denies the allegations in Paragraph 57.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

## Count Four

60. Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

61. Denies the allegations in Paragraph 61.

62. Denies the allegations in Paragraph 62.

63. Denies the allegations in Paragraph 63.

64. Denies the allegations in Paragraph 64.

## Count Five

65. Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

66. Denies the allegations in Paragraph 66.

67. Denies the allegations in Paragraph 67.

68. Denies the allegations in Paragraph 68.

69. Denies the allegations in Paragraph 69.

### Count Six

70.     Repeats and realleges each of its responses to the foregoing paragraphs as though fully set forth herein.

71.     Denies the allegations in Paragraph 71.

72.     Denies the allegations in Paragraph 72.

### General Denial

Unless otherwise specifically admitted herein, each and every allegation in SSLLC's Counterclaims is hereby denied.

### Answer To Prayer For Relief

Kate Spade specifically denies that SSLLC is entitled to the relief requested or to any other relief.

### First Affirmative Defense

SSLLC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

SSLLC's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

SSLLC's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, inexcusable delay, and laches.

Kate Spade reserves the right to assert additional defenses upon discovery of further information concerning SSLLC's claims.

**Prayer for Relief**

WHEREFORE, by their undersigned attorneys, Kate Spade prays for relief as follows:

A. Declare that Kate Spade has the right to manufacture, distribute, market and sell in the United States a wide array of products under the trademark KATE SPADE SATURDAY and featuring the KATE SPADE SATURDAY logo, and to offer those products through retail and mail order services.

B. Declare that Kate Spade's KATE SPADE SATURDAY mark and logo do not infringe or otherwise impair or violate under any federal, state or common law, rights SSLLC may have in the trademark SATURDAYS SURF NYC and any other trademarks or service marks of SSLLC containing the word "Saturday."

C. Enjoin SSLLC and all those acting in concert and participation with it from posting on Kate Spade's social media pages and websites any disparaging comments about Kate Spade or the KATE SPADE SATURDAY brand, publicly accusing Kate Spade of trademark infringement, and/or otherwise promoting SSLLC's own SATURDAYS SURF NYC brand through postings and comments on the Kate Spade social media pages and websites.

D. Grant judgment in Kate Spade's favor on all of SSLLC's counterclaims.

E. Award to Kate Spade its attorney's fees and expenses and the costs and disbursements of bringing and defending this action.

  F. Such other and further relief as the Court deems just and proper.


Dated: New York, New York
   March 4, 2013

                Respectfully submitted,


                */s/ David H. Bernstein*
                David H. Bernstein (dhbernstein@debevoise.com)
                Megan K. Bannigan (mkbannigan@debevoise.com)
                Jennifer Insley-Pruitt (jinsleypruitt@debevoise.com)
                Rayna S. Feldman (rsfeldman@debevoise.com)
                DEBEVOISE & PLIMPTON LLP
                919 Third Avenue
                New York, New York 10022
                (212) 909-6696

                *Attorneys for Plaintiff and Counterclaim-Defendant Kate Spade LLC*